IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:
ANNIE CHRISTINE Z. WALKER                          CASE NO. 02-32368
P O BOX 1469                                       JUDGE: HAROLD C. ABRAMSON

FORNEY TX          75126-0000                      CHAPTER 13
a/k/a                                              03/07/03
d/b/a
        Debtor(s)

---

**ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN, VALUING COLLATERAL
AND ALLOWING DEBTOR'S ATTORNEY'S FEES**

---

It having been determined after at least twenty-five (25) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled or withdrawn:

That the Debtor's(s') Final Chapter 13 Plan ("Plan") complies with Chapter 13 and all applicable provisions of Title 11, United States Code;

That any fee, charge, or amount required under Chapter 13 of Title 28, United States Code, or by the Plan, to be paid before Confirmation, has been paid;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11, United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens, and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims;

That no objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the debtor(s) will pay under the Plan, all Debtor's(s') disposable income for at least 3 years;

That the Final Plan complies with 11 U.S.C. 1325(a)(4) and 1325(b)(1)(B) in that it provides for total payments at least equal to a minimum base of $45,504.00;

That Confirmation of Debtor's(s') Final Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.




IT IS THEREFORE ORDERED the Debtor's(s') Final Chapter 13 Plan dated January 6, 2003 is confirmed.

IT IS FURTHER ORDERED the Debtor(s) shall pay the sum of $ * , per month, commencing on May 2, 2002, for 60 months (not to exceed 60), for a total of $ * The plan estimates that allowed unsecured claims will be paid approximately 22.00%.

*DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF $1,207.00 PER MONTH FOR THE FIRST 2 MONTHS; $1,310.00 PER MONTH FOR THE FINAL 58 MONTHS FOR A TOTAL OF $78,394.00 IN 60 MONTHS.

IT IS FURTHER ORDERED:
For purposes of distribution under the Plan, Section 506 and Section 1325(a)(5) of the Bankruptcy Code, the value of collateral securing any claim herein as set forth in Paragraphs "E", "F", and "G" of Section I of the Debtor's(s)' Final Chapter 13 Plan and Motion for Valuation" herein confirmed, except:

| CREDITOR NAME | DESCRIPTION OF COLLATERAL | CLAIM AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | MONTHLY PLAN PAYMENT (Dir, Surr) or ProRata) |
|---|---|---|---|---|---|
| Kaufman Co | Real prop | $17,627.62 | $68,120.00 | 8% | pro-rata |

IT IS FURTHER ORDERED that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to debtor(s) during the pendency of this case.

IT IS FURTHER ORDERED that the debtor's(s') attorney, JENNY C TEAGUE LAW O , is allowed a total fee not to exceed $ 1750.00 with $ 1250.00 to be paid through the plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on a fee application.

IT IS FURTHER ORDERED that the Standing Chapter 13 Trustee is hereby discharged from any liability from the debtor's(s') operation of business and from any further duty to investigate the business of the debtor or to require further operating reports from the debtor.

Dated: MAR 13 2003

United States Bankruptcy Judge

02-32368

See signature on attached

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
ATTORNEYS AT LAW
UNIVISION CENTER
2323 BRYAN STREET SUITE 1720
DALLAS, TEXAS 75201-2691

(214) 880-0089
(800) 441-0960
FAX (214) 754-7167

March 5, 2003

Jenny C. Teague Law Office
PO Box 886
Crandall, Texas 75114

    Via Facsimile (972) 472-3888

    Re:    Cause No. 02-32368-HCA-13; In re Annie Christine Z. Walker

Dear Ms. Teague:

    The above-referenced case is set for a pre-hearing conference on Thursday, March 6, 2003 at 8:30 a.m. As you may be aware, Kaufman County has filed a claim in the above referenced bankruptcy matter.

    The proposed Final Chapter 13 Plan does not adequately provide treatment for my client's claim. The claim filed on behalf of Kaufman County is for property taxes for tax years 1999 through 2002 assessed against 325 Bois D Arc and 404 College.

    **I am requesting by letter agreement that the Debtor's Final Chapter 13 Plan be changed to reflect the claim on behalf of Kaufman County in the amount of $17,624.62, with a valuation of the Debtor's collateral at $68,120 to be paid through the plan on a pro-rata basis at an interest rate of 8% per annum.**

    The Chapter 13 Trustee has instituted a new policy whereby changes to the Debtor's Final Chapter 13 Plan must be acknowledged by the Debtor's attorney. Should you agree, please acknowledge below and return to my office so that the appropriate changes may be made at the scheduled pre-hearing conference on March 6, 2003.

    If you have any questions, please feel free to contact me directly at 214-253-2506. Your prompt attention to this matter is greatly appreciated.

    Sincerely,

    *[signature]*

    Sherrel K. Knighton,
    Attorney at Law

SKK/law

*[signature]*

Jenny C. Teague, Esq.
Attorney for Debtor